IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHUONG THI LAN NGUYEN,                      Civil No. 10-6138-AA
                                            OPINION AND ORDER
          Plaintiff,

     vs.

WILLIAM EDWARD DEAN,

          Defendant.

_____

Lawrence E. Johnson
Attorney At Law
PO Box 423
Corvallis, Oregon 97339
     Attorney for plaintiff

Jeffery Matthews
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, Oregon 97401-3273
     Attorney for defendant

AIKEN, Chief Judge:

     Defendant filed a motion for summary judgment asserting that

he is entitled to judgment as a matter of law based on his Fourth

Affirmative Defense of issue preclusion.  Defendant's motion is

Page 1 - OPINION AND ORDER

granted and this case is dismissed.

BACKGROUND

Plaintiff arrived in the United States on August 8, 2006 with a K-1 fiancee visa and moved in with defendant. Plaintiff and defendant married in Corvallis, Oregon on November 4, 2006. On May 18, 2007, defendant signed and filed with the United States Citizenship and Immigration Services form I-864 Affidavit of Support pursuant to Section 213A of the Immigration and Nationality Act. Based on I-864, defendant agreed to support plaintiff in an amount equal to at least 125% of the Federal Poverty Guidelines. Meanwhile, plaintiff returned to graduate school and received a Master's Degree, along with her "green card."

Plaintiff and defendant lived together as husband and wife from November 4, 2006, until September 2007. Plaintiff filed for and obtained a Restraining Order to Prevent Abuse in Benton County Circuit Court. Defendant was ordered to pay plaintiff $500 a month for spousal support beginning January 1, 2008, until further order of the court.

In June 2009, plaintiff filed a Petition for Dissolution of Marriage to defendant with the Benton County Circuit state court. In her petition, plaintiff requested spousal support. The court held a hearing on plaintiff's petition. At the hearing, plaintiff introduced into evidence various affidavits of support

executed by defendant to support plaintiff's entry into the
United States from Viet Nam (of which she is a citizen) and
change of status to permanent resident.  The I-864 Affidavit of
Support introduced into evidence by plaintiff at the divorce
hearing is the same I-864 Affidavit of Support on which plaintiff
alleges a breach of contract in the case at bar.

Plaintiff and defendant were divorced on June 1, 2010.
Defendant's support obligation was modified by the Benton County
Circuit court terminating the $500 a month spousal support
payment on April 30, 2010, and imposing a $250 spousal support
payment for the months May, June and July 2010, with no further
support ordered after the July payment.

STANDARDS

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c).  Substantive law on an issue determines the materiality of
a fact.  T.W. Electrical Service, Inc. v. Pacific Electrical
Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987).  Whether
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party determines the authenticity of a
dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Electrical</u>, 809 F.2d at 630.

<u>DISCUSSION</u>

Plaintiff alleges that defendant is contractually obligated to pay support to plaintiff based on the I-864 Affidavit of Support defendant signed to aid plaintiff's efforts to become a permanent resident of the United States. Defendant moves for summary judgment arguing that plaintiff's claim is precluded by the judgment entered in the parties' divorce petition in Benton County Circuit court.

Under Oregon law, issue preclusion applies when:

1. The issue in the two proceedings is identical.
2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.  3. The party sought to be precluded has

had a full and fair opportunity to be heard on that
issue.  4. The party sought to be precluded was a
party or was in privity with a party to the prior
proceeding. 5. The prior proceeding was the type
of proceeding to which this court will give
preclusive effect.

Boise Cascade v. Bd. of Forestry, 186 Or. App. 291, 298, 63 P.2d

598 (2003)(internal quotation omitted).

Defendant asserts that first, the issue in the state court

divorce proceeding is identical to the issue at bar: is plaintiff

entitled to support payments from defendant based on the I-864

Affidavit of Support executed by defendant?  Second, defendant

asserts that the issue of whether plaintiff was entitled to

support from defendant based on the I-864 Affidavit of Support

was decided in the state court divorce action.  The Benton County

judge determined that defendant did not owe any continuing

support payments beyond July 2010, despite plaintiff's reliance

on the I-864 Affidavit in Support.  Third, defendant argues that

plaintiff was provided a full and fair opportunity to be heard on

her claim.  The I-864 Affidavit of Support was admitted into

evidence.  The trial court allowed plaintiff's counsel to elicit

testimony from plaintiff and defendant on the claim that

plaintiff was owed support based on the Affidavit.  In fact,

plaintiff's counsel argued both in opening statement and closing

argument that plaintiff was due support payments based on the I-

864 Affidavit.  Fourth, there can be no dispute that the parties

involved in the case at bar are the identical parties involved in

the Benton County divorce proceeding.  Fifth and finally, issue
preclusion applies when the relative competence and
responsibility of the two forums are comparable.  The Full Faith
and Credit statute requires federal courts to give preclusive
effect to state court judgments.  <u>Winn v. Arizona Christian
School Tuition Organization</u>, 562 F.3d 1002, 1011 n.9 (9th Cir.
2009)(internal citation omitted).  Federal courts give the same
preclusive effect to a state court judgment that is given by the
courts in the state rendering the judgment.  <u>Id.</u>

Plaintiff argues that "spousal support," the issue decided
by the state court, and "financial support," the issue allegedly
before this court, are not the same.  I disagree.  The exhibits
attached by both parties from the state court divorce proceeding
underscore that plaintiff presented evidence and argued
vehemently that the trial court should award plaintiff support
based on the I-864 Affidavit.

A survey of the case law supports the view that there is no
discernable difference between "spousal" support and "financial"
support both based on an I-864 Affidavit.  In <u>Schwartz v.
Schwartz</u>, 409 B.R. 240 (1st Cir. 2008), former wife Michal
Schwartz filed a bankruptcy adversary action against former
husband Steven Schwartz, a Chapter 7 debtor, seeking a
determination of liability based on an I-864 Affidavit of
Support.  <u>Id.</u> at 242.  The bankruptcy court dismissed Michal

Schwartz's claim based on the <u>Rooker-Feldman</u> doctrine because the I-864 Affidavit had been submitted in an earlier state court divorce action between the Schwartzs.  The First Circuit noted that "[a] number of courts have held that the <u>Rooker-Feldman</u> doctrine, as refined by [<u>Exxon Mobil v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 283-84 (2005)] . . . bars federal court review of final state divorce decrees."  <u>Id.</u>  The court further held that "if, in fact, the Affidavit of Support was submitted in the divorce proceedings [as here], the bankruptcy court lacked subject matter jurisdiction over the appellant's claims under the <u>Rooker-Feldman</u> doctrine."  <u>Id.</u>

In <u>Davis v. United States</u>, 499 F.3d 590 (6th Cir. 2007), plaintiff executed a I-864 Affidavit of Support on behalf of Svetlana Davis and her two teenaged sons.  Svetlana was a Ukrainian citizen whom Davis had recently married.  When Davis filed for divorce, the Ohio state court awarded Svetlana monthly spousal support for a period of eight years but declined to specifically enforce the Affidavit of Support.  Davis then filed suit in U.S. District Court seeking clarification of the level of support required by the I-864 Affidavit.  The District court dismissed Davis's claim and the Sixth Circuit affirmed the dismissal.  The court held, in part:

> The <u>Rooker-Feldman</u> doctrine provides another reason
> why the district court lacked subject matter jurisdiction
> over Davis's complaint.  Under this doctrine, lower
> federal courts lack jurisdiction over 'cases brought

by state-court-losers complaining of injuries caused
by state-court judgment rendered before the district
court proceedings commenced and inviting district court
review and rejection of those judgments.'

. . .

To the extent that Davis argues that his complaint does
not address an issue of domestic relations law, his
argument fails.  He contends that his complaint sought
'an interpretation of the federal law' rather than
'appellate review of the state court's final judgment.'
Despite his disclaimer, however, what he in fact sought
was the federal review of a state court's order enforcing
the Affidavit of Support in his divorce case... The
remedy available to him from the state court's
allegedly erroneous construction of the Affidavit of
Support is an appeal within the state court system
and ultimately to the United States Supreme Court,
not a collateral attack in the lower federal courts.

Id. at 595 (internal citations omitted).

I find that plaintiff here is barred from relitigating her

spousal support in federal court based on the Affidavit of

Support that was entered into evidence in the underlying divorce

proceeding and considered by the state court judge when

determining the spousal support amount and judgment.

CONCLUSION

Defendant's motion for summary judgment (doc. 14) is

granted. Defendant's request for costs is denied.  All pending

///

///

///

///

///

Page 8 - OPINION AND ORDER

motions are denied as moot and this case is dismissed.

IT IS SO ORDERED.

       Dated this ____ day of January 2011.


_____
           Ann Aiken
    United States District Judge